## Case No. 5,885.

HAAS et al. v. ARTHUR.

[14 Blatchf. 346.] [1]

Circuit Court, S. D. New York. Nov. 12, 1877.

CUSTOMS DUTIES—ENTRY AND APPRAISAL.

1. H., on the entry of merchandise at the custom house, added 18 per cent. to the market value, as stated in the invoice, with a protest, stating that he made the addition to prevent a seizure, and that the real value was the original invoice value. On like merchandise entered before by H., on like invoices, 18 per cent. had, on appraisal, been added to the invoice value, and the goods had been seized for forfeiture. In a suit brought by H. to recover back the duties paid on the added 18 per cent.: Held, that the action could not be maintained.

2. After the addition by H. of the 18 per cent., the value of the goods, for duty, could not be fixed, by appraisal, at a less sum than that arrived at by such addition.

[This was an action by Simeon Haas and others against Chester A. Arthur, collector of the port of New York.]

Stephen G. Clarke, for plaintiffs.

Henry E. Tremain, Asst. Dist. Atty., for defendant.

WALLACE, District Judge. The plaintiffs, upon the entry of certain merchandise, added eighteen per cent. to the market value as stated in the invoice, accompanying the act by a protest, in which they stated that they added the eighteen per cent. to the invoice value under compulsion, to prevent a seizure of the merchandise, and that the real value was correctly set forth originally in the invoice. Similar merchandise had theretofore been entered by the plaintiffs upon similar invoices, and, upon appraisal, eighteen per cent. had been added, and the merchandise had thereupon been seized for forfeiture; and their object was to avoid such a result

in the present entry. They now seek to recover from the defendant, the collector, the duty assessed upon the additional eighteen per cent.

The action cannot be maintained. Upon the entry of their merchandise, one of two courses was open to the plaintiffs. If they believed the market value of the merchandise to be correctly stated in the invoice, they could have relied upon this belief, and, in case it was fixed at a higher value, upon appraisement, could have had redress by an appeal from the appraisal. If they were unwilling to adopt this course, fearing the contingency of an appraisal which might fix the value of the merchandise at a sum so much greater than the invoice value, as to subject them to an action for penal duty or forfeiture, they had the right to add to the invoice value such sum as they should deem advisable, in which event there could not legally be an appraisal for a less value. No other course was open to the plaintiffs. Instead of selecting the former they selected the latter, and thereby put it beyond the power of the appraisers to fix a lower value than that on which the duties were collected. The plaintiffs could not qualify the effect of their act in adding to the value in the invoice, by assigning the reasons which induced them so to do. Having fixed the value at a sum below which there could not be an appraisal, they cannot be heard to complain of the result, and are liable to pay the duties assessed. Judgment is ordered for the defendant.