ROEBLING et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 5, 1896.)

No. 2,062.

1. CUSTOMS DUTIES—INVOICE—CORRECTION OF VALUATION.

Although the statement, in an invoice, of the value of merchandise at a certain sum per ton, "on trucks," shows that something not dutiable may be included in the price, it does not show any value less than that stated, since it does not show how much is to be taken out for nondutiable items; and such statement of the price is not such a manifest clerical error as entitles the importer to a correction on a new invoice.

2. SAME.

There can be no issue between the invoice value of merchandise and any value below.

Comstock & Brown, for plaintiffs.
H. D. Sedgwick, Asst. U. S. Atty.

WHEELER, District Judge. This importation was of steel billets invoiced and entered at £6. 9s. per ton on trucks, which is $.01401 per pound; and the duty was liquidated at $.008 per pound, accordingly, under paragraph 146 of the tariff act of 1890. The importers protested, February 2, 1894, that the value was not above $.014 per pound under that act; that anything to the contrary in the entry or invoice was the result of manifest or other clerical error; and the right was claimed therein "to show, by corrected consular invoice or otherwise, the correct valuation." The case was sent to the board of general appraisers on February 19, 1894. A new invoice was sworn to before the consul March 21, 1894, at London, in which the cost of putting on trucks and cartage was stated at 1s. per ton, and deducted from the price, which would bring it below $.014 per pound, and make the duty $.005 per pound; and which, with an explanatory letter, was sent to the importers, and laid before the appraisers. That board afterwards affirmed the decision of the collector. The importers now claim that the inclusion of the cost of trucking in the dutiable value was such a manifest clerical error that it could be, and on the new invoice should be, corrected by the board.

The customs administrative act provides for making additions, at the time of entry and not after, to the invoice value, to avoid penal duties for undervaluation, and that the duty shall not, however, be assessed upon an amount less than the invoice or entered value. 26 Stat. 135, § 7. The invoice produced to the collector did not show any value less than $.01401 per pound, although it

showed that something not dutiable might be included, for it did not show how much, if anything, might be taken out for that. Oberteuffer v. Robertson, 116 U. S. 499, 516, 6 Sup. Ct. 462. Unless any invoice, whether produced to the collector or not, is referred to in this statute, this value could not be reduced by any evidence anywhere, for the other invoice was not only not produced to the collector, but was not even in existence, while the assessment of these duties was before him. This statute seems to refer to the invoice that may be raised then, and not after. The board of general appraisers is to decide what the collector has decided, and upon the same papers that were the foundation for admitting the merchandise. Other evidence bearing upon the issues made may be brought, but there can be no issue between invoice value and any value below. If the new invoice, when laid before the appraisers, was evidence that they might consider, it was not applicable to any issue before them. They could properly only sustain the decision of the collector, as this is now considered. The secretary of the treasury could, however, relieve the importers from any hardship following their mistake. Decision of appraisers affirmed.