## S. M. LAWDER & SONS v. STONE.

### (Circuit Court, D. Maryland. November 4, 1901.

**1. CUSTOMS DUTIES—VALUATION—ADDITIONAL DUTIES—CLERICAL ERROR.**

On entering certain merchandise the importers presented an entry and invoice together, the former of which stated only the value of the merchandise, omitting a dutiable item of packing boxes, but the latter plainly stated both items. The merchandise was appraised at the higher value, as stated in the invoice. *Held* that, in the absence of circumstances indicating an intention to evade the law, this was a case "arising from a manifest clerical error," which exempted the merchandise from the additional duty accruing where the appraised value exceeds the entered value, "except in cases arising from a manifest clerical error," as provided in section 7, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 134, as amended by section 32, Tariff Act July 24, 1897, c. 11, 30 Stat. 211 [U. S. Comp. St. 1901, p. 1893].

Application by the importers, S. M. Lawder & Sons, for review of the decision of the Board of General Appraisers, which affirmed the assessment of duty on certain merchandise imported at the port of Baltimore.

In assessing duty, the collector considered the case one of undervaluation, under section 7 of the customs administrative act of June 10, 1890, c. 407, 26 Stat. 134, as amended by section 32 of the tariff act of July 24, 1897, c. 11, 30 Stat. 211 [U. S. Comp. St. 1901, p. 1893], and proceeded to collect the additional duty there provided for such cases. The pertinent portion of said section reads as follows: "If the appraised value of any article of imported merchandise subject to an ad valorem duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of one per centum of the total appraised value thereof for each one per centum that such appraised value exceeds the value declared in the entry. * * * Such additional duties * * * shall not be remitted, nor payment thereof in any way avoided, except in cases arising from a manifest clerical error." The importers contended that it was a case of "manifest clerical error," within the meaning of said section.

Steele, Semmes, Carey & Bond, for importers.
The United States Attorney, for the collector.

MORRIS, District Judge. The invoice produced by the importers was as follows: "1,238 cases of preserved pineapples, containing 2,476 dozen, at 50 cents per dozen, $1,238. Cost of packing boxes for the same, $380." The entry of the merchandise was made as of a value of $1,238. The local appraisers' return on the invoice shows that he "adds $380 to make correct market value of preserved pine-

apples, being the cost of cans and packing not entered by importers." Upon the return of the local appraisers the entry was liquidated, showing, in addition to the duty imposed by law, an additional penal duty of 30 per cent., amounting to $485.40. Against the assessment of the penal duty the importers protested, alleging that the omission to add the charges at the time of making their entry was due entirely to a clerical error. On appeal to the Board of General Appraisers the decision of the collector imposing the penal duty was sustained. The ground of the decision was that it appeared from statements made by the importers in their protest that the omission to include the cost of the packages containing the preserved pineapples was not through clerical mistake, but was intentional, and for a reason disclosed by the protest.

In their protest the importers say:

"In connection with our protest, we beg leave to state that in making entry for the goods [although] merely actual cost of the merchandise was entered as the dutiable value, the charges of packing and cost of the cases and cans were plainly marked on the invoice, but through a clerical error or blunder the applicants failed to add these charges. * * * In support of our claim of clerical error, beg to call your attention to the fact that the charges mentioned were clearly set forth on the invoice, being particularly specified, so that ordinarily no error could have been made; but the entry was accepted and passed through the custom house as entered without additions for cases and cans, evidently through error, as these charges would have certainly been added before passage of the entry, had the error been detected."

The statement of the protest which is relied upon as showing that the omission to add the packing charges did not arise from manifest clerical error, but was intentional, separated from its context, is as follows:

"In fact, as stated to you in our respects of July 6th, the charges are not actually dutiable, as the cases and cans were exported from this port on the schooner Lady Shea, May 24, 1898, and the cases and cans should have been claimed as American manufacture, and the drawback, amounting to $74.65, should have been repaid the government on reimportation of the goods. * * * The omission to make the additions to the entry at the time was entirely an error, as we have these importations once a year, and have always added to the entries the drawback which was paid on the cans when exported, and gave affidavits of the American manufacture of the cases."

The affidavit of Mr. Pentz reiterates the statement of the protest, and deposes that he, "making the entry for the goods mentioned, through an error forgot to make addition for the covering of the goods. These charges are plainly stated on the invoice, and it was entirely by oversight that the addition was not made. * * * The charges for the above coverings are plainly stated on the invoice, and it is a mystery to me to know how the blunder was made by me, and how the papers should have gone so far before the error was discovered."

In Roebling v. United States (C. C.) 77 Fed. 601, the imported steel billets were invoiced and entered at a named price per ton "on trucks," which it seems indicated that something might properly be deducted from the cost of the merchandise for the cost of putting

it on trucks and cartage. The importers claimed that the inclusion of the cost of trucking in the dutiable value was such a manifest clerical error that it should be corrected on the production of a new invoice afterwards obtained and produced before the Board of General Appraisers stating the cost of the trucking. The court, against this contention, held that, although the original invoice showed that something not dutiable possibly was included, it did not show how much, if anything, was to be deducted. The court held that the manifest clerical error must be apparent upon the papers produced to the collector, and that the importers could only be relieved from any hardship arising from their mistake by application for relief to the Secretary of the Treasury.

The present case is different. The invoice itself furnished all the data required for a correct liquidation. It correctly stated the value of the preserved pineapples, and the cost of the packing boxes for the same, and, in order to arrive at the invoice value of the importation, it was only necessary to add together these two items of cost plainly appearing on the invoice. That the dutiable value was not thus ascertained would seem to be only because both the importer and the customs officials failed to notice this obvious mistake until it reached the local appraiser's office, where it was discovered and corrected by a simple inspection of the invoice. Where two items which together constitute the correct cost and value of the importation are plainly stated in the invoice, which is produced with and accompanies the entry, and only one of the items is extended on the entry, and the error is discoverable by a simple inspection of the invoice, and there is no circumstance indicating intention to evade the law, it would seem that a case is presented in which the undervaluation arises from a manifest clerical error. Doubtless this is the ruling which would have been made by the collector and by the Board of General Appraisers, but for the fact, set out in the protest, that the packing boxes stated in the invoice to be of the cost of $380 (over one-fourth of the value of the merchandise) were really not dutiable at all, having been exported from the United States.

It does not appear to me that this fact should affect the present question. It nowhere appears that the importer intended to do anything but what he did in his invoice, viz., to give the value of the importation as made up of the value of the merchandise and the cost of the packages. The fact that in his protest to the collector, and in his effort to obtain a change of ruling, he added as a make-weight that the packages were not properly dutiable at all, does not, it seems to me, affect the contention that upon the face of the invoice it was a manifest clerical error not to enter the value of the goods as stated in the invoice. It appears to me that it was proper to add $380 to the $1,238, in order to arrive at the correct market value as stated in the invoice, but that it was not proper, under section 7 of the act of June 10, 1890, as amended by section 32 of the act of July 24, 1897, to penalize the importers by imposing the additional duty of 1 per cent. on the total appraised value for each 1 per cent. by which the appraised value exceeded the value given in the entry, as the value declared in the entry was a manifest clerical error.