DALOZ v. UNITED STATES.

(Circuit Court, D. Massachusetts. May 7, 1909.)

No. 495 (2,038).

1. CUSTOMS DUTIES (§ 75*)—DUTIABLE VALUE—EXCESSIVE ADDITION ON ENTRY.
   On entry an importer added to the invoice value an amount that he considered necessary to equal actual market value, as permitted by Customs Administrative Act June 10, 1890, c. 407, § 7, 26 Stat. 134, as amended by Tariff Act July 24, 1897, c. 11, § 32, 30 Stat. 211 (U. S. Comp. St.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1901, p. 1892). It was decided on reappraisement that this addition had been unnecessary and that the invoice value was correct. *Held*, that the provision in said section that "duty shall not, however, be assessed in any case upon an amount less than the * * * entered value," indicates an intention to bind the importer to the market value as fixed by him, regardless of the value found by the appraisers or of the general rule of the conclusiveness of such finding, and that therefore duty could not be assessed on a less amount than that on which entry was made.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 75.*]

**2. CUSTOMS DUTIES (§ 75*)—ADDITION OF INVOICE ITEMS.**

Where an invoice specifies certain items distinctly from the per se value of the article invoiced, and the importer in entering the importation states that such items are added to make market value, they constitute a part of the entered value, just as though they had been included in the per se value.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 75.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Searle & Pillsbury (Charles P. Searle, of counsel), for importer.
William H. Garland, Asst. U. S. Atty.

COLT, Circuit Judge. This petition for review relates to the dutiable value of 24 packages of machinery entered at the port of Boston June 27, 1907.

Before entry of the merchandise the importer added 10,000 francs to the invoice value of 34,400 francs by attaching the following memorandum to the invoice:

"Add, to make market value, royalty, 4,000 francs; specifications, drawings, and instructions necessary to put the within machinery into operation, 6,000 francs. Total 10,000 francs."

This addiion made the entered value 44,400 francs.

Upon the subsequent appraisal of the merchandise, the Board of General Appraisers decided that the items of 4,000 francs for royalty and 6,000 francs for specifications and drawings, which the importer had added to the invoice value "to make market value," were nondutiable, and that the value of the merchandise was 34,400 francs, the amount stated in the invoice.

Notwithstanding this decision on the question of the appraised value of the merchandise, the collector liquidated the duties at the entered value of 44,400 francs, and the Board of General Appraisers approved the action of the collector and overruled the petitioner's protest. The board in its decision says:

"The protest in this case alleges: (1) That the collector erred in assessing duty upon certain machinery at its entered value, for the reason that it had been appraised by a board of general appraisers and a lower and different value found; and (2) that the entered value was placed upon the merchandise under duress and through clerical error. The first contention could not be seriously maintained, as the collector under the provisions of section 32 of the tariff act of 1897 had no alternative than to assess duty on the entered value. No testimony was submitted to show duress, and in our judgment the testimony offered to sustain the allegation of clerical error falls far short of doing so."

Section 7 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 131), as amended by Act July 24, 1897, c. 11, § 32, 30 Stat. 211 (U. S. Comp. St. 1901, p. 1892) permits the importer, before entry, to make such additions to the invoice value of the merchandise "as in his opinion may raise the same to the actual market value." It also imposes certain penalties for the undervaluation of merchandise, and then follows this provision : ·

"The duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value."

When Congress in 1846 first enacted the provision allowing the importer to make additions to the invoice value of the merchandise, it enacted the further provision that the duty shall in no case be assessed at less than the invoice or entered value. Act July 30, 1846, c. 74, § 8, 9 Stat. 43.

This shows clearly that it was the intention of Congress to bind the importer to the market value as fixed by him in the invoice or entry, regardless of the value as found by the appraisers, or of the general rule of the conclusiveness of such finding.

If, therefore, the entered value of the merchandise in the case at bar is 44,400 francs, the collector was bound to liquidate the duties at this value, provided such value was greater than the appraised value.

It is contended by the petitioner that the entered value of the merchandise is only 34,400 francs, by reason of the fact that the Board of General Appraisers have found that the items of 4,000 francs for royalties and 6,000 francs for specifications and drawings were not dutiable, and that the appraised value was 34,400 francs. The answer to this contention is that this finding of the Board of General Appraisers is entirely immaterial, for the reason that in the opinion of the petitioner the actual market value of the merchandise included these items that he therefore added these items to the invoice "to make market value," and that consequently the entered value as fixed by the petitioner was 44,400 francs.

It is further contended by the petitioner that, where the items which are added to make market value are not dutiable and the invoice distinctly states the cost of these items, in such a case they do not constitute a part of the entered value. In other words, the proposition is this : If the petitioner had included these items in the value of the machinery per se, they would have constituted a part of the entered value, although it was found that these items were not dutiable; but, the petitioner having distinctly stated in the invoice the cost of these items, they do not become a part of the entered value.

Upon the state of facts presented in this case, I am unable to see any sound principle upon which any such distinction can rest. If the petitioner had simply added these items to the invoice and stopped there the case would present a different question; but, where he supplements this addition with the words "Add to make market value," he makes these items a part of the market value, with the result that the entered value of the merchandise per se includes these items. Such being the case, it becomes of no consequence whether these items

are specifically set out in the invoice or whether the amount stated in the invoice includes these items.

The petitioner relies upon the case of Oberteuffer v. Robertson, 116 U. S., 499, 516, 517, 6 Sup. Ct. 462, 29 L. Ed. 706. In Oberteuffer v. Robertson the facts were not the same, and the point involved in the case at bar was neither raised nor passed upon. The language of the court at page 516 cannot be considered as applicable to the facts of the present case, or as a binding authority upon the point now under consideration.

On the other hand, the decision of the Board of General Appraisers is in harmony with all the cases where this specific question has been considered and passed upon. In re Irwin, G. A. 5,845 (T. D. 25,764); In re Isler & Guye, G. A. 6,234 (T. D. 26,920); Kimball v. The Collector, 10 Wall. 436, 450, 19 L. Ed. 964; Roebling v. United States (C. C.) 77 Fed. 601; Vantine v. United States (C. C.) 91 Fed. 519; Haas v. Arthur, 14 Blatchf. 346, Fed. Cas. No. 5,885.

No question of duress or clerical error was argued at the present hearing and since the evidence is the same as was before the Board of General Appraisers the consideration of this point becomes unnecessary.

The decision of the Board of General Appraisers is affirmed.