Ciba Co. (Inc.) *v.* United States (No. 2769)[1]

APPRAISED LESS THAN ENTERED VALUE—SECTIONS 402, 489, 500 AND 503 AND
PARAGRAPH 28, TARIFF ACT OF 1922—EVERY PART OF STATUTE TO BE
GIVEN MEANING

Prior to the Tariff Act of 1922, it was the duty of the *collector* to ascertain dutiable costs and charges and add them to the value found by the appraiser. By sections 402 and 500 of this act such duty was devolved upon the *appraiser.* Section 503 provides that duty shall be assessed upon the appraised value. Section 489 (upon the subject of additional duties) forbids the assessment of duty on less than the entered value except as therein specified. Paragraph 28 levies duty on coal-tar products, basing it on the American selling price of any similar competitive domestic product. All these provisions must be construed together and every part of each effectuated. This can not be done by holding that the injunction of section 503 to assess duty on the appraised value overcomes that of section 489 to assess on the entered value if higher than the appraised value, leaving that of section 489 to operate only in cases of additional duty for, in such case, that of section 489 would have no meaning, since no additional duties are assessed unless the entered is lower than the appraised value. That of section 503 is an order to the collector to carry out the new policy taking away from him the ascertainment of dutiable costs and charges; and that of section 489 remains an order to him never to assess on less than the entered value, except as therein directed. Coal-tar color entered under paragraph 28 at a higher value than that found by the appraiser on the basis of American selling price was correctly assessed on the entered value.

United States Court of Customs Appeals, December 14, 1926

APPEAL from Board of United States General Appraisers, G. A. 9106, T. D. 41449

[Affirmed.]

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Jerome G. Clifford,* special attorneys, of counsel), for the United States.

[Oral argument October 7, 1926, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise, consisting of a coal-tar color, was assessed for duty by the collector at 60 per centum ad valorem and 7 cents per pound under paragraph 28 of the Tariff Act of 1922, which contains the following provisions:

PAR. 28. * * * 45 per centum ad valorem based upon the American selling price (as defined in subdivision (f) of section 402, Title IV) of any similar competitive article manufactured or produced in the United States, and 7 cents per pound: *Provided,* That for a period of two years beginning on the day following the passage of this act the ad valorem rate of duty shall be 60 per centum instead of 45 per centum. * * *

---

[1] T. D. 41913.

The appraiser found that there was a similar competitive article manufactured in the United States, and, therefore, appraised the merchandise at a value based upon the American selling price, as defined in subdivision (f) of section 402, Title IV, of the competitive domestic article. The value thus determined was $3.92 per pound.

The merchandise was entered at $4.704 per pound; and, as the entered value was higher than the appraised value, duty was assessed by the collector on the entered value, in accordance with the provisions of section 489 of the Tariff Act of 1922.

SEC. 489. ADDITIONAL DUTIES.—If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. Such additional duty shall apply only to the particular article or articles in each invoice that are so advanced in value upon final appraisement and shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, and shall be limited to 75 per centum of the final appraised value of such article or articles. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any ntention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. If the appraised value of any merchandise exceeds the value declared in the entry by more than 100 per centum, such entry shall be presumptively fraudulent, and the collector shall seize the whole case or package containing such merchandise and proceed as in case of forfeiture for violation of the customs laws; and in any legal proceeding other than a criminal prosecution that may result from such seizure, the undervaluation as shown by the appraisal shall be presumptive evidence of fraud, and the burden of proof shall be on the claimant to rebut the same, and forfeiture shall be adjudged unless he rebuts such presumption of fraud by sufficient evidence.

Upon the making of such order or finding the additional duties shall be remitted or refunded, wholly or in part, and the entry shall be liquidated or reliquidated accordingly. Such additional duties shall not be refunded in case of exportation of the merchandise, nor shall they be subject to the benefit of drawback. All additional duties, penalties, or forfeitures applicable to merchandise entered in connection with a certified invoice shall be alike applicable to merchandise entered in connection with a seller's or shipper's invoice or statement in the form of an invoice. Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly

or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence·and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

It is claimed by the appellant that duty should have been assessed by the collector on the appraised value and not on the entered value. In support of this contention it is argued by counsel that the quoted provisions of paragraph 28 and those contained in section 503 of the Tariff Act of 1922 show that it was the purpose of the Congress to limit the provisions of section 489 to cases involving additional duties, and to require that the collector shall assess duty on the final appraised value regardless of the value stated in the entry.

Section 503 reads as follows:

SEC. 503. DUTIABLE VALUE.—Whenever imported merchandise is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the value returned by the appraiser, general appraiser, or Board of General Appraisers, as the case may be. If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

It is contended by the Government: That, in order to determine the intention of the Congress as expressed in the several provisions of the act under consideration, they should be read and considered together, and that, when so read and considered, it is manifest that it was the purpose of the Congress· to require that duty shall be assessed upon the final appraised value, unless such final appraised value is less than the entered value, in which event duty shall be assessed upon the entered value; that it was the purpose of the Congress, in the enactment of section 503, to meet the decision of this court in the case of *United States* v. *Spingarn*, 5 Ct. Cust. Appls. 2, T. D. 34002, wherein it was held that it was the duty of the appraiser to find and report the foreign market value of merchandise, and that it was the duty of the collector to determine the dutiable value by adding to the appraised value such dutiable costs and charges as were not included in foreign market value; that, by the provisions of section 402 of the Tariff Act of 1922, it is now the duty of the appraiser to determine, not only the market value of merchandise, but also all dutiable costs and charges which are included in the definitions of value provided therein; that, because of the provisions of section 402, it was necessary to limit the authority theretofore existing in the collector by paragraph N of the tariff act of 1913, by requiring that, dutiable costs and charges having been determined and included by the appraiser in the value returned by him, duty should be assessed upon the final appraised value; that such change

in legislation was necessary in order to carry out the legislative plan
of ascertaining values as provided by section 402; and that the pro-
visions of section 489 requiring that "duties shall not, however,
be assessed upon an amount less than the entered value," except
under circumstances and conditions named therein, being in all
material respects identical with the provisions of paragraph I of the
tariff act of 1913 and contained in prior tariff acts, under which it
has consistently been held by this and other courts that such pro-
visions applied in all cases in the assessment of duties, where the
entered value was greater than the final appraised value, it neces-
sarily follows that, had the Congress intended to limit the application
of the provisions of section 489, requiring that duties shall not be
assessed upon an amount less than the entered value, it would have
expressed such intention in plain and unmistakable language.

The trial court held, Brown, Judge, dissenting, that the provisions
of section 489 requiring that "duties shall not, however, be assessed
upon an amount less than the entered value," except as specially
limited therein, were intended to apply in all cases where the value
stated in the entry was higher than that returned on final appraise-
ment, and the protest was overruled.

Prior to the enactment of sections 402, 500, and 503 of the Tariff Act
of 1922, it was the duty of the appraiser to ascertain the wholesale
market value of imported merchandise. It was the duty of the
collector to determine the dutiable value of merchandise by ascer-
taining the dutiable costs and charges, not included in the wholesale
market value returned by the appraiser.  *United States* v. *Spingarn,*
5 Ct. Cust. Appls. 2, T. D. 34002.

Section 500 of the Tariff Act of 1922 made it the duty of the
appraiser:

(1) To appraise the merchandise in the unit of quantity in which the mer-
chandise is usually bought and sold by ascertaining or estimating *the value thereof*
by all reasonable ways and means in his power, any statement of cost or cost
of production in any invoice, affidavit, declaration, or other document to the
contrary notwithstanding; * * *
(5) To report his decisions to the collector. * * * (Italics ours.)

The value to be ascertained by the appraiser is defined in section
402 of the Tariff Act of 1922. It is unnecessary for the purposes of
this case to discuss in detail the provisions thereof. It is sufficient
to say that the duties of the appraiser in the appraisement of im-
ported merchandise have been materially changed by such provisions.
Where dutiable costs and charges are proper elements to be con-
sidered in ascertaining the value of merchandise, such costs and
charges are now included in the value to be ascertained by the
appraiser. Under prior tariff acts it was the duty of the collector
to ascertain such dutiable costs and charges and include them as a

part of the dutiable value of the merchandise.  For this reason it was necessary for the Congress in defining the duties of the collector to prescribe that duties should be assessed upon the value returned upon final appraisement.  This it did in section 503.  Because the Congress did so provide, it is contended by counsel for the appellant that the Congress also intended to abrogate another well-established statutory obligation of the collector, namely, that, "duties shall not, however, be assessed upon an amount less than the entered value," except under certain circumstances and conditions set forth in the statute.

It is claimed that, because this provision is incorporated in section 489 of the Tariff Act of 1922, under the caption "Additional duties" and because of the mandatory provisions of section 503, the provision that duties shall not be assessed upon an amount less than the entered value, except under certain conditions, should be limited in its operation to the circumstances and conditions specifically excepted in the statute from its operation.

The provisions in question are not new in tariff legislation.  Provisions identical in all material respects, at least in so far as the issues in this case are concerned, have several times been considered and construed by this and other courts.  In such cases the courts have held that they should be considered with other statutes *in pari materia,* and when so considered, it was plain that the Congress intended that duties should not be assessed upon an amount less than the entered value.  *Ullman* v. *United States,* 1 Ct. Cust. Appls. 61, T. D. 31032; *United States* v. *Bennett & Loewenthal,* 2 Ct. Cust. Appls. 249, T. D. 31975; *Van Ingen & Co.* v. *United States,* 4 Ct. Cust. Appls. 320, T. D. 33520; *Colonial Import & Export Co.* v. *United States,* 5 Ct. Cust. Appls. 137, T. D. 34190; *United States* v. *Lawrence,* 11 Ct. Cust. Appls. 203, T. D. 38967; *Downing & Co.* v. *United States,* 11 Ct. Cust. Appls. 310, 313, T. D. 39128; *Vandegrift & Co.* v. *United States,* 12 Ct. Cust. Appls. 230, T. D. 40231.

It is contended by counsel for the appellant that the provisions of section 503 and the provisions of section 489 are in direct conflict; and that they should be construed so as to give, if possible, some operative effect to each.  In support of this well-known principle of statutory construction counsel has cited the case of *Sonneborn Sons* v. *United States,* 1 Ct. Cust. Appls. 443, T. D. 31504, in which case the court said:

While it is the general rule of law, familiar to all lawyers, that a proviso shall be confined in its application to the purview of the paragraph of which it is a part, it is equally well settled that that rule is not controlling, and that effect must be given to the intent of Congress as manifested by a consideration of the whole act and all of its parts.  Provisos are equally subject to the elementary principle of statutory construction that whenever possible effect must be given to all parts of an act, and this rule is of such imperative force that to accomplish that pur-

pose the courts have uniformly held that to effect such, every part of a law should yield a part of its plain import where by so doing effect can be given to other parts of the statute. (Lewis's Sutherland Statutory Construction, sec. 368 et seq., and 352, et seq., and authorities cited.)

. We are in accord with the principles there reiterated. However, in applying this principle counsel for appellant reaches a conclusion which, in our opinion, is in defiance of the principle invoked and directly contrary to the plain language of section 489.

He argues as follows, quoting from Judge Brown's dissenting opinion:

Section 489 refers exclusively to cases of additional duties or cases where entries have been made under duress. The last sentence of section 489 simply means that where *entries are made under duress* duty shall not be taken on less than the entered value except upon the conditions mentioned in the statute. It is necessary to give the last sentence of section 489 this meaning or else section 503 is nullified. It is elementary law that when two statutory provisions are in apparent conflict they must be read together, if possible, so as not to render either one of them meaningless. (Italics quoted.)

Section 489 is headed "Additional duties" and provides for the assessment of additional duties upon merchandise subject to an ad valorem rate of duty, in case the *final appraised value shall exceed the entered value.* It provides for the remission of such additional duties under certain circumstances and conditions. It then provides as follows:

Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

The language of the quoted provisions is simple, plain, and free from ambiguity. The statute provides that duties shall not be assessed upon an amount *less than the entered value*, with one exception only, namely, "where the importer certifies at the time of entry *that the entered value is higher than the value as defined in this act.*" This one exception is further limited to the existence of the following conditions: "*and that the goods are so entered* in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, *and the importer's contentions in said pending cases shall subsequently be sustained, wholly or in part,* by a final decision on reappraisement or re-reappraisement, *and it shall appear that the action of the importer on entry was so taken in good faith,* after due diligence and inquiry on his part, *and the collector shall*

*liquidate the entry in accordance with the final appraisement."* (Italics ours.)

The only exception to the operation of the general provision that duties shall not be assessed upon an amount less than the entered value is so qualified and limited by the express language of the statute as to show conclusively that no other exception was intended to the operation of the general provision.  To bring his entry within the one exception to the general provision the importer must make and file the certificate required by the statute; his contentions in the pending cases must be sustained by the courts, "wholly or in part," and it must appear that his entry was made in good faith, after the exercise of due diligence and inquiry.  It is evident that if the provision in question was held to be applicable only to cases in which additional duties were involved it would have no application whatever.  Additional duties are never assessed unless the entered value is less than the appraised value.  Where the entered value is less than the appraised value the provision that duties shall not be assessed upon an amount less than the entered value could have no application.

Our understanding of the provisions of section 489 in question may be summarized as follows: "Duties shall not, however, be assessed upon an amount less than the entered value," except under certain circumstances and conditions; and when those circumstances and conditions prevail "the collector shall liquidate the entry in accordance with the final appraisement."  The last clause of section 489 is significant.

In order to give effect to the several provisions under consideration, we are of opinion that they are *in pari materia* and should be considered together; that when so considered it plainly appears to have been the purpose of the Congress to require that duties shall be assessed upon the final appraised value, or the entered value, whichever is higher; and that the only exception to this rule of assessment of duties is that provided in section 489.

The judgment is *affirmed.*