BEFORE THE SECOND DIVISION, FEBRUARY 5, 1942

**No. 46923.**—Protests 17877–K, etc., of Benj. Wolf Co., Inc. (New York).

Opinion by TILSON, J.   The evidence showed that some of the woven silk mufflers were hemmed.   Those which were imported subsequent to the effective date of the British Trade Agreement (T. D. 49753) were held dutiable at 45 percent under paragraph 1209 and T. D. 49753.   Those imported prior to the British Trade Agreement were accordingly held dutiable at 60 percent under paragraph 1209.

**No. 46924.**—Protests 994921–G, etc., of Eurasia Import Co., Inc. (New York).

Opinion by TILSON, J.   In accordance with stipulation of counsel to the effect that certain of the hats are not blocked or trimmed and that they are not bleached, dyed, colored, or stained, not sewed, and not known as harvest hats, they were held dutiable at 25 percent under paragraph 1504 (b) (1) as claimed.   Abstract 46498 followed.

BEFORE THE THIRD DIVISION, FEBRUARY 5, 1942

**No. 46925.**—Protest 22007–K of C. F. Ekstrom (Pembina).

Opinion by CLINE, J.   A representative of the importer testified but inasmuch as his information had been given to him by the importer his testimony was held inadmissible.   It appeared from the official papers that the collector acted legally under the authority of section 503 (a). Nothing in the papers showed currency other than that of the United States.   The merchandise was appraised as entered, that is, appraised in United States currency at the unit values on the invoice. *Ciba* v. *United States* (14 Ct. Cust. Appls. 309, T. D. 41913) cited.   The defendant moved to dismiss the protest on the ground that the case should have been appealed to reappraisement.   Since the entered and appraised values of the merchandise were the same this motion was denied. *Andrews* v. *United States* (29 C. C. P. A. 131, C. A. D. 182) cited.   On the record presented the protest was overruled.

BEFORE THE SECOND DIVISION, FEBRUARY 9, 1942

**No. 46926.**—Protest 557353–G of Davies Turner & Co. (San Francisco).

Opinion by DALLINGER. J.   In accordance with stipulation of counsel an iron bowl and candle snuffer were held dutiable as table or household utensils, or hollow ware, used for utilitarian purposes on the table or in the household.   The claim at 40 percent under paragraph 339 was therefore sustained. *Dow* v. *United States* (21 C. C. P. A. 282, T. D. 46816) and Abstracts 33928 and 34951 followed.