Before the Third Division
December 12, 1956

**No. 60419.**—Gerhard & Hey Co., Inc. *v.* United States, protest 223148–K (New York).—

Johnson, Judge:   The merchandise involved in this case consists of decorated chinaware imported from France on or about July 2, 1952.   After liquidation of the entry, a protest was filed, stating:

We call your attention to IAD Entry #950371 dated July 7, 1952 which was liquidated March 16th 1953 for additional duty amounting to $99.45.

We wish to go on record protesting this additional duty as per amended entry dated December 12, 1952. Importer will furnish invoice substantiating this claim and explanatory letter will follow.

Subsequently, a motion was made to amend the protest, but, upon objection by the Government, the motion was denied, with leave to renew upon proof that Gerhard & Hey Co., Inc., was the proper party plaintiff.

This case has been called for trial on several occasions. At the first hearing, counsel for the Government moved to dismiss the suit on the ground that the protest was not filed by the proper party, and, upon request of counsel for the plaintiff, a continuance was granted so that evidence on this point might be obtained.

When the case was called for trial thereafter, plaintiff's witness did not appear, and counsel requested that the case be submitted on the record. Counsel for the Government then moved to dismiss the suit upon the grounds that Gerhard & Hey Co., Inc., was not the proper party plaintiff; that the protest itself was insufficient; and that the plaintiff had failed to make out a *prima facie* case.

Subsequently, a motion was made by plaintiff for an order setting aside the submission and restoring the case to the docket, which motion was granted.

At the next hearing, Charles A. Emanuele, owner of Airport Clearance Service, testified that his firm is the importer of record; that he, or his brother, with his approval and consent, verbally requested Gerhard & Hey Co., Inc., to file the protest herein and that the firm paid the additional duty.

Counsel for the plaintiff then moved to amend the protest to include the following:

The collector has not followed the appraised value in liquidation. The importer entered the merchandise at unit values equivalent to invoice values less 15% discount plus 19.55%. The merchandise was appraised as entered. The collector has taken some other value in liquidation.

The Government did not object to the amendment, but renewed its motion to the effect that the protest should be overruled on the ground that plaintiff has failed to make out a *prima facie* case.

On the record presented, we hold that the protest has been filed by a proper party. The motion to amend the protest is granted, and the amended protest is held sufficient to state a cause of action.

The issue before us is whether plaintiff has presented proof to sustain its claim. In its brief, plaintiff has referred to the invoice, entry, worksheet, and summary sheet herein, but these papers have not been introduced into evidence and may not be considered by the court as proof of the matters recited therein. *W. T. Grant Company* v. *United States*, 38 C. C. P. A. (Customs) 57, C. A. D. 440. Although, at the second hearing, this case was submitted on the record, this submission has been set aside, and, at the final hearing, there was no express stipulation submitting the issue on the record, thus permitting the court to consider the official papers as evidence. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433. Had they been offered at that time, it may be that the Government would have objected or presented proof in opposition. It may not be deprived of that opportunity.

Although we regret the necessity of prolonging this case, it is our view that the ends of justice will best be served by again setting aside the submission and restoring the case to the docket for all purposes.

It is so ordered.