BEFORE THE THIRD DIVISION, MAY 15, 1957

**No. 60751.**—Gerhard & Hey Co., Inc. *v.* United States, protest 223148–K (New York).

JOHNSON, Judge: The merchandise involved in this case consists of decorated chinaware, imported from France on or about July 2, 1952, and assessed with duty at 45 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909.

This case has been before the court on several occasions and was last restored to the calendar by order dated December 12, 1956. *Gerhard & Hey Co., Inc.* v. *United States,* 37 Cust. Ct. 441, Abstract 60419. At that time, we held that, on the record presented, the protest had been filed by a proper party. We also granted a motion to amend the protest, but did not pass upon the merits of the case.

The protest, as amended, states:

The collector has not followed the appraised value in liquidation. The importer entered the merchandise at unit values equivalent to invoice values less 15% discount plus 19.55%. The merchandise was appraised as entered. The collector has taken some other value in liquidation.

At the last hearing, all of the official papers and the entry were received in evidence, and the case was submitted.

According to the official papers, the merchandise was originally entered at a total value of 366,193 French francs, which value was arrived at as follows:

| | | |
|---|---|---|
| Total invoice value | 430, 815 | French francs |
| Less Remise (Discount) 15% | 64, 622 | "      " |
| Original entered value | 366, 193 | "      " |

Thereafter, the entry was amended as follows:

| | | |
|---|---|---|
| Invoice value | 366, 193 | French francs |
| Plus 19.55% | 71, 591 | "      " |
| Amended entered value | 437, 784 | "      " |

A red check mark appears on the summary sheet on the back of which is shown the amended entered value, thus indicating that the merchandise was appraised at the value set forth on the amended entry.

However, the collector liquidated the entry on the basis of another value, apparently obtained as follows:

| | | |
|---|---|---|
| | 430, 815 | French francs |
| Plus 19.55% | 84, 224. 33 | "      " |
| | 515, 039. 33 | "      " |
| Converted to U. S. | $1, 471. 08 | |

Under section 503 (a) of the Tariff Act of 1930, in effect at the time of entry herein, the basis for the assessment of ad valorem duties shall be the entered value or the final appraised value, whichever is higher. Unless the entered value is more than the appraised value (except where a duress certificate has been filed), the collector is bound to liquidate on the basis of the final appraised value.

*Ciba (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 309, T. D. 41913; *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. (Customs) 144, C. A. D. 265.

Since the collector in the instant case based his assessment of duty on a value other than the entered and appraised value, we hold that his liquidation is in error. The protest is sustained, and judgment will be rendered directing the collector to reliquidate the entry, assessing duty on the basis of the appraised value, and to make refund accordingly.