UNITED STATES v. RICHARD & CO. (No. 2714)[1]

CONSTRUCTION, SECTION 402 (c), TARIFF ACT OF 1922—"COST" OF CONTAINERS
    DOES NOT MEAN VALUE.
    That part of section 402 (c), Tariff Act of 1922, which directs that the "cost
of all containers and coverings" shall be added to the market value of the
goods to make export value does not mean the *value* of such coverings or
containers. It means what was paid, or agreed to be paid, for them.

United States Court of Customs Appeals, May 8, 1926

APPEAL from Board of United States General Appraisers, G. A. 9056, T. D. 41173

[Affirmed.]

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter*, special
attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*William Young* of counsel) for appellees.
*Edward P. Sharretts, amicus curiæ.*

[Oral argument April 21, 1926, by Mr. Igstaedter, Mr. Young, and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

BARBER, Judge, delivered the opinion of the court:
This is a reappraisement case.
The primary question is, does the Tariff Act of 1922 provide that the
*value* of containers, coverings, etc., instead of the actual *cost* thereof,
when not included therein, shall be added to make export value of
imported merchandise under the provisions of section 402, subdivision
(c) of the act?
The material part of that subdivision is as follows:

(c) The export value of imported merchandise shall be the market value or the
price, at the time of exportation of such merchandise to the United States, at
which such or similar merchandise is freely offered for sale to all purchasers in
the principal markets of the country from which exported, in the usual wholesale
quantities and in the ordinary course of trade, for exportation to the United States,
plus, when not included in such price, the cost of all containers and coverings of
whatever nature, and all other costs, charges, and expenses incident to placing the
merchandise in condition, packed ready for shipment to the United States. * * *

The imported merchandise in this case was glass bobbins. The
entered value thereof was advanced by the local appraiser. This
advance was sustained by the general appraiser, was not challenged
by importer's appeal from his decision to the Board of General Ap-
praisers, and is not questioned here.
In a stipulation as to the facts it is agreed that, at the date the
bobbins were purchased in the country of export, the cost of all
containers and coverings of whatever nature, and all other costs,

1 T. D. 41646.

charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was 7,500 *francs*, and also that at the date of exportation of the bobbins the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing such or similar merchandise in condition, packed ready for shipment to the United States was 12,500 *francs*. None of these costs or charges was included in the appraised value of the bobbins. The invoice accompanying the entry states the costs of the containers, coverings, etc., to be 7,500 *francs*.

The local appraiser appraised the value of the cases and coverings of the importation at 12,500 *francs*, which sum he added to the appraised value of the merchandise to make export value. His action was sustained by the single general appraiser.

Importer appealed to the Board of General Appraisers assigning as error,

That the general appraiser erred in not holding that the actual *cost* of the cases (francs 7,500), rather than their *value* on the date of exportation (francs 12,500) was a part of the dutiable value of the merchandise.

The Board of General Appraisers sustained this claim, finding that 7,500 *francs* was the cost of the coverings, containers, and all other costs, charges, and expenses incident to placing the merchandise in a packed condition ready for shipment to the United States.

In United States *v.* Spingarn Bros., 5 Ct. Cust. Appls. 2, we held, construing various proceeding statutory provisions and especially subsections 10 and 18 of section 28 of the act of 1909, that the ascertainment of the dutiable costs and charges upon importations was the function of the collector and not of the appraiser; that the duty of the former was to add such dutiable costs and charges to the appraised value of the merchandise to make the dutiable value thereof; and that he had no authority to appraise such costs and charges but was limited to the actual amount thereof.

In *Tuska, Son & Co.* v. *United States*, 10 Ct. Cust. Appls. 65, T. D. 38337, practically the same question was before us as in the *Spingarn* case under various provisions of the tariff act of 1913. In the opinion at page 70 we said:

We hold, first, that the office of collector of customs does not imply the power to appraise; second, that no authority to appraise is conferred upon the collector by paragraph R, of section 3; third, that the "value" of the containers of imported merchandise is their cost; fourth, that to make dutiable value the collector is authorized by virtue of section 3, paragraphs M and N, to add to the appraised value of the merchandise per se, not the market value, but the cost of the containers thereof, that is to say, the price actually paid for them, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States.

It is conceded by counsel for all parties that, under the rule of these cases, prior to the Tariff Act of 1922, the appraiser was without power

to appraise the costs and charges, including the value of containers and other packing of imported merchandise, but that it was the function of the collector to add the actual cost thereof to the appraised value of the merchandise to make dutiable value.

Government counsel contend that under the present act the duty theretofore imposed upon the collector of ascertaining the cost and charges that are not a part of the appraised value of the merchandise, but which are to be added thereto to make dutiable value, is now imposed upon the appraiser instead of the collector, and argue that, by such transfer of duties, Congress has vested in the appraiser authority to appraise the value of containers, coverings, etc., and add the amount of such appraisal to the market price of the merchandise in the country of export to make dutiable value.

In reaching this conclusion counsel rely upon the provisions of subdivision (c) hereinbefore quoted, and also somewhat upon sections 500 and 503 of the act. Reappraisement circular 3574 in reappraisement 46817–A, December 18, 1925, page 16, is also cited as upholding this contention.

Importer and *amicus curiae* do not, as we understand, concede that the function of ascertaining such costs and charges has been so transferred from the collector to the appraiser, but contend that, if so, the appraiser has no authority to appraise the same. This question of transfer of authority the Board of General Appraisers declined to decide, saying it was not before them.

It may be noted that the record seems to present questions that were not decided below and are not argued here, but, however this may be, we confine this opinion to the precise question as to whether or not the appraiser had authority to appraise the value of the containers and coverings and other costs, charges, and expenses in this case.

It is unnecessary to enter into an exhaustive discussion of this question.

Subdivision (e) of section 402 explicitly declares that export value shall be the market value or price in the country of export plus, when not included therein, not the *value*, but the *cost*, of all containers and coverings of whatever nature and all other *costs, charges,* and *expenses* incident to placing the merchandise in condition, packed ready for shipment to the United States.

To urge, as does the Government, that the word "cost" means value and that, given such meaning, it implies a right and casts upon the appraiser the duty of appraising the containers and other coverings, is to ask this court to legislate, not to interpret. There is no ambiguity in the meaning of the words cost, charges, and expenses. A thing costs what is paid or agreed to be paid for the same and the meaning of the words charges and expenses is equally free

from ambiguity. If Congress had intended that the *value* of the containers, coverings, etc., and not the *cost* thereof, should be added to make export value, it were easy to have used apt language to express that intent. It has used language that is not susceptible of that interpretation.

As demonstrating, if further proof thereof be needed, that Congress understandingly employed the language in question, it may be observed that section 481 declares that all invoices of imported merchandise shall set forth certain facts, amongst which are the purchase *price* of each item of merchandise, if the same is purchased or agreed to be purchased; if not, the *value* of each item thereof; also all *charges* upon the same itemized by name and amount, when known to the seller or shipper, or, if not known, all *charges* by name (including cases, containers, coverings, and *cost* of packing) included in the invoice *prices*.

This precise language in defining what must appear in a document that comes under the observation of the appraiser in the performance of his duties leaves no doubt in our minds as to the correctness of our conclusion.

Reference may be had to the opinions of the members of the Board of General Appraisers who heard this case, one of whom dissented, all to be found in G. A. 9056, T. D. 41173, for a more comprehensive discussion of this question than we deem necessary to give it.

We hold that the appraiser had no authority to appraise the value of the containers, coverings, and other costs, charges, and expenses in this case, and add the same to the appraised value of the glass bobbins to make dutiable value thereof.

The judgment of the Board of General Appraisers is *affirmed*.