The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* F. W. WOOLWORTH CO. ET AL. (No. 3710)[1]

[1] T. D. 47126.

United States Court of Customs and Patent Appeals, June 12, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Peter A. Abeles*, special attorney, of counsel), for the United States.

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument April 3, 1934, by Mr. Abeles and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the Second Division of the United States Customs Court in a reappraisement proceeding, arising under the Tariff Act of 1930.

The merchandise consists of decorated earthenware, porcelain ware and chinaware. Entries were made by importers at unit invoice prices plus charges for cases and packing. That is to say, in making the entries importers stated the *per se* merchandise value at unit prices according to the invoice, and, in addition, stated charges for, or costs of, cases and packing, also according to the invoices.

The local appraiser accepted the *per se* merchandise prices as entered, but advanced the total entered value, in the manner hereinafter described.

[2] HATFIELD, J., did not participate in the decision of this case.

Importers thereupon appealed to reappraisement and, when the matter came on for hearing before a single judge of the United States Customs Court, submitted the case upon the invoice and entry papers, as they came from the appraiser, and moved for judgment on the ground that the appraisement was "meaningless and invalid." This motion was resisted by the Government and taken under advisement by the single judge, who, upon motion of the Government (supposedly for the purpose of taking proof), transferred the case to Boston, where a portion of the merchandise was entered, with provision that it be retransferred to New York for final argument.

No testimony was taken by either party, and, upon final hearing before the single judge, the case was submitted upon the papers.

The single judge, stating in his opinion that the "appraisements show on their face their illegality", proceeded himself to find value. In the formal judgment there is no declaration respecting the legality of the local appraiser's appraisement. It simply adjudges that the "dutiable values of the merchandise * * * were the foreign-market values thereof as entered by the importer." As to one reappraisement, 101673–A, it was held that the entry involved was a duress-entry case and same was dismissed upon the authority of *Innis, Speiden & Co. et al. v. United States,* 19 C.C.P.A. (Customs) 1, T.D. 44789, and *United States v. Friedlaender Co.,* 19 C.C.P.A. (Customs) 334, T.D. 45498.

From the judgment the Government appealed, and the cause being heard by the Second Division of the United States Customs Court that tribunal rendered a judgment, the pertinent portion of which reads:

It is hereby ordered, adjudged, and decreed that the decision of the court below be, and the same is hereby, reversed, and the said appeals dismissed for the reason that the appraisements in each case are null and void.

From the foregoing judgment the Government, after denial by the division of a motion for rehearing, took the instant appeal to this court.

The judgment here appealed from is somewhat peculiar in that the division itself seems to have dismissed the appeals to the single judge instead of remanding them to him with instructions to him to dismiss, which latter would have been the usual and proper procedure if dismissal was to be had.

In view of the judgment declaring the appraisements of the local appraiser to be null and void, and at the same time reversing the judgment of the single judge finding a dutiable value, the case obviously is left in a most anomalous situation.

In the body of the opinion the division states, "as a matter of law," that "The appeals having been dismissed, the collector will, of course, be compelled to take duty on the entered value of the mer-

chandise" (citing authorities), "except in reappraisement 101673-A the collector will take duty on the invoice value", but the formal judgment makes no mention of those holdings.

The division also stated in the body of its opinion when discussing the duress entry, No. 101673-A, that by reason of Public Resolution No. 37 of the Seventy-second Congress (H.J.Res. 336), approved July 12, 1932 (T.D. 45805), "the distinction between duress entries and regular entries becomes immaterial for the purpose of appraisement."

It is proper to state that the resolution so alluded to was passed subsequent to the decision by the single judge in this case.

The Government appeal contains 29 separate assignments of error and a voluminous brief was filed in this court. However, its statement of the issues is condensed in two brief paragraphs, as follows:

1. Assuming, without admitting, that the appraisements were not legal and valid, is it the duty of the United States Customs Court to reappraise the merchandise in a case where the value of the merchandise is the only issue and where its classification does not affect its dutiable value, and should not the appellant make a *prima facie* case as to such value?

2. Were the appraisements by the appraiser in the instant case null and void?

It seems proper that first consideration be given to the matters involved in the second of these queries.

It should be borne in mind that the entire controversy relative to the validity of the appraisement revolves about the matter of the costs of packing charges, etc., there being none concerning the *per se* value of the merchandise.

The actions of the local appraiser respecting appraisement are set forth in notations made in red ink upon the respective invoices. These are described in the opinion of the lower court as follows:

Reappraisement 98867-A (red ink). "Appraised at invoiced value plus 41 sen per cubic ft. case & packing & mic. charges incld. in appraised value." Initialed J.F.C. The same initial appears on the summary of entered value, examination, and appraisement sheet.

Reappraisement 99293-A (red ink). "23 cases 39378-400. Appraised at invoice prices plus 47 sen per cubic ft. for packing & Misc. charges."

Reappraisement 99482-A (red ink). "Appraised at invoice prices plus 41 sen per cubic ft. for case, pack. & misc. charges."

Reappraisement 99543-A (red ink). "11 cases. Appraised at invoice values plus 46 sen per cubic foot for case, packing, and misc. charges plus 20 sen per case for iron hoops, plus local freight. 2 cases appraised at invoice value plus 41 sen per cubic foot for case, packing and misc. charges plus 20 sen per case for iron hoops."

Reappraisement 101673-A, which appears to have been added since the original case was filed, bears a notation on page 5 of the invoice, opposite a red-ink bracket that included two totals of items entered at specific amounts for "Godown rent, Fire ins., coolie hire, inspection, superintending, shipping," as follows: "Allow 9 sen per cu. ft. only see amendment."

The opinion of the appellate division, among other things, says:

After a careful consideration of the whole record presented, we are unable to ascertain, as a matter of fact, whether the appraiser, in attempting to find the value of the merchandise involved, took the packing charges and other miscellaneous charges and merged these with the *per se* value of the merchandise, and then attempted to *appraise* the packing charges and other miscellaneous charges; or whether he undertook to increase the *cost* of packing charges. We are unable as a matter of fact, to tell just what he did attempt to do. (Italics quoted.)

The opinion of the single judge, sitting in reappraisement, states:

We are not permitted to presume, in the instant case, that the appraiser reported costs which he had discovered from some unknown source, because the language used by him on each invoice plainly indicates that he appraised these items. In fact I do not see how his language could be construed otherwise than to say that he appraised the merchandise at the invoice *per se* value and that he appraised the packing charges and miscellaneous charges at the value named.

Under the doctrine announced by this court in its decision affirming the judgment of the Board of General Appraisers (now the United States Customs Court) in the case of *United States* v. *Richard & Co.*, 14 Ct. Cust. Appls. 120, T.D. 41646, it must be held that the appraiser had no authority to *appraise* the value of the containers, coverings and other costs, charges, and expenses in this case and add same to the appraised value of the merchandise *per se* to make dutiable value thereof.

We are in agreement with the opinion of the appellate division that the said red-ink notations upon the respective invoices are ambiguous, and that from them, standing alone, it cannot be ascertained whether the appraiser attempted to appraise the packing and other miscellaneous charges, or whether he undertook to increase the cost of the packing and other charges. We are not in agreement with the decision of the single judge that it affirmatively appears that the appraiser *appraised* the packing and other miscellaneous charges named by him. It does not follow, however, that, being in agreement with the view of the appellate division that the appraiser's notations are ambiguous, we concur in the view of the appellate division that the appraisements should be held to be void, or even erroneous.

It is well established that the presumption is that a sworn officer, acting in the discharge of his duty upon a subject over which jurisdiction is given him, has acted rightly, *Muser* v. *Magone*, 155 U.S. 240; and, following this rule, the presumption here should be that the appraiser did not *appraise* the value of the packing and other miscellaneous charges, but advanced the cost thereof. Therefore we are of the opinion that the court erred in holding that the appeals to reappraisement should be dismissed upon the ground that the appraisements were null and void. It may be that, as hereinafter

discussed, the advances made by the appraiser in ascertaining the packing and other miscellaneous charges were erroneous, but it does not follow that the single judge, sitting in reappraisement, and the appellate division, should not have found the amount of such charges in the reappraisement proceedings.

Assuming, without deciding, that the appraisements of the local appraiser were erroneous, the next question presented is the very practical one suggested in the first query of the Government's brief, quoted *supra*.

We think the discussion of this may be simplified by first considering the function which the statute imposes upon the single judge, sitting in reappraisement, as distinguished from the function of the United States Customs Court, or a division thereof.

Under the circumstances of this case, should the single judge, after finding the appraisement erroneous or illegal, have proceeded, as he did proceed, to find dutiable value? If not, what should he have done?

It seems to have been the view of the appellate division in this case that instead of finding the dutiable value the single judge should, on the ground of the appraisement being invalid, have dismissed the appeal—at least that is what the appellate division itself appears to have done. Is this the correct procedure?

The routine provided by the statute as to appeals in reappraisement proceedings is that, when the appraisement of the local appraiser is questioned by either the Collector of Customs or the importer, an appeal is taken, which appeal is transmitted to the United States Customs Court, together with the entry and accompanying papers. The appeal is then assigned, in the language of the statute, "to one of the judges, who shall, after affording the parties an opportunity to be heard, *determine the value of the merchandise*." (Italics ours.)

Surely the quoted language is clear and virtually interprets itself.

Before this one judge, or as we have been accustomed to express it, before the single judge sitting in reappraisement, various kinds of evidence may be admitted upon questions of fact, and after argument, if same be desired by any of the interested parties, the judge is required to "render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based."

His "decision" upon what?

One specific thing which the statute says he *shall* do, in such proceedings, is "determine the value of the merchandise."

Under the Tariff Act of 1930 the value which the local appraiser found is made presumptively correct, but this presumption, like all other legal presumptions, is just that and nothing more. If the appraisement be defective for a purely legal reason, or if the evidence shows errors of fact, or if there be errors of both law and fact, obvi-

ously it is the duty of the single judge so to declare. But this is only a part of the requirement of the statute. Appraisement lies at the very basis of customs administration, and surely it is the clear intent of Congress that an appraisement shall be had as speedily and with as little difficulty as may be possible.

Nothing practical is accomplished by simply upsetting the valuation of the local appraiser and stopping there. Certainly every intendment of the statute is to avoid any such *impasse*. Hence the requirement that the single judge shall determine value. As we view it, that is the fundamental object of the jurisdiction conferred by the statute.

There is no provision in the statue for the remand of an appraisement to the local appraiser by the single judge, or by the United States Customs Court, or by this court, nor do the decisions of the single judge, in form, reverse the findings of the local appraiser. The single judge simply proceeds to find value, and it is his decision which becomes the basis of all subsequent proceedings.

Proceeding from the function of the single judge to that of the United States Customs Court itself (or three judges thereof) it seems equally clear to us that that tribunal also is authorized and required, within certain limits, to find value.

The statute provides that the division of three judges "shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings." The authority thus given is very broad. Certainly the appellate division passes upon questions of both law and fact. We think that it may appraise, that is, find the dutiable value, and that it is its duty so to do in all cases where the appraiser had the power to appraise the merchandise at the time the appraisement was made. If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be insufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, as the division may determine. We think that no case, in which appraisement is required and in which the elements are present that enable appraisement, should be left suspended in mid-air to the detriment, if not the complete paralysis, of administration. Accordingly we feel that in cases where the tribunals of the United States Customs Court, when functioning in reappraisement proceedings, find erroneous the valuation of the local appraiser, they should themselves find value if the record warrants such a finding. Their authority is ample, and, in our opinion, the duty so to do is mandatory. Unless it is done by them it cannot be done. This court is without the power which is

theirs, and we know of no other tribunal to which those interested may turn.

It will be observed that in the preceding paragraph we have used the expression "in which appraisement is required and in which the elements are present that enable appraisement."

In elucidation of this expression, it may be said that cases may arise in which merchandise not subject to appraisement becomes involved. Such was the situation with respect to the steam tug involved in the case of *United States* v. *Porto Rico Coal Co.*, 17 C.C.P.A. (Customs) 288, T.D. 43716. The course which we think should be followed in such cases is indicated in our opinion in that case.

Also it may happen that elements essential to a legal appraisement may be lacking. Under such circumstances, where the appraisement of the local appraiser is found to be invalid, the tribunals of the Customs Court, of course, are unable to find value, and an anomalous situation is unavoidably created. Illustrative of such a situation is the case of *United States* v. *V. M. Davis, Sinai Kosher Sausage Factory*, 20 C.C.P.A. (Customs) 305, T.D. 46087. In that case this court affirmed the judgment of the Second Division of the United States Customs Court, which had affirmed the decision of the single judge holding that the appraisements of the local appraiser were null and void. Our own decision therein rested upon the ground that it had been shown that the local appraiser had failed to comply with the statutory requirements of section 499 of the Tariff Act of 1922 (held by us to be mandatory), in that he was shown to have examined less than 10 per centum of the barrels of pickled beef there involved. Prior to the local appraiser's appraisement in that case all the merchandise had been released, no samples were retained, and the appraiser had no basis upon which to make a valid appraisement.

The instant case presents no such difficulty.

Reference should also be made to the cases of *Innis, Speiden & Co.*, *supra*, and *Friedlaender & Co.*, *supra*, where this court held that appeals from illegal appraisements should be dismissed by the trial court. Those cases involved duress entries and our decisions therein resulted in the passage by Congress of the public resolution (H.J.Res. 336), alluded to by the division as heretofore recited in this opinion. Those cases, insofar as they dealt with duress entries, are no longer to be regarded as precedents, and the same is true of such parts of our decision in the case of *United States* v. *F. S. Allenby & Co. et al.*, 20 C.C.P.A. (Customs) 80, T.D. 45703, as deal with duress entries.

Upon the question of the authority of the appraiser, under the Tariff Act of 1930, to ascertain and determine the costs of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, at other than the amounts stated in

the invoices, we think that the appraiser has such authority if he is satisfied that such costs named in such invoices are incorrect. In the case of *Robertson* v. *Frank Bros. Co.*, 132 U.S. 17, there was involved section 2907 of the Revised Statutes, which section had provisions with reference to costs and packing, etc., very similar to' the provisions in section 402 (c) of the Tariff Act of 1930. In that case the local appraiser made certain additions for transportation, and the question of whether such additions were proper was submitted by the trial court to the jury. The jury found that such additions were improperly added by the appraiser because not part of the actual cost of transportation. This was affirmed by the Supreme Court in said case, and in its opinion the court said:

Now, whilst under the first of these sections (2906) the estimate of the market value of the goods, made by the appraiser, is in general unimpeachable, it is plain that the items to be added to that value under § 2907 did not depend upon estimation, but upon the actual truth of the case, namely, the *cost* of transportation, shipment, &c., to the vessel in which shipment is made. This cost may be something; it may be nothing. In the present case the appraiser required fifty percent of the market value of the goods to be added as cost of transportation. The plantiffs disputed this item. Evidence was gone into on the subject, and the matter was left fairly to the jury. The only question for us to determine is, whether the matter was open to evidence, and could lawfully be left to the consideration of the jury; or whether the determination of the appraiser on this subject was conclusive. We think with the court below that this was a question open for examination. * * *

Prior to the Tariff Act of 1922 local appraisers had no authority to determine costs of packing, etc., but that duty devolved upon the collector. By the act of 1922, as in the act of 1930, that duty devolved upon the appraiser.

The case of *United States* v. *Ocean Brokerage Co.*, 11 Ct. Cust. Appls. 38, T.D. 38648, arose under the tariff act of 1913, in which act the duty was imposed upon the collector to fix costs and charges of the character of those here in question. That case, like the case at bar, involved the packing charges on certain decorated porcelain ware, imported from Japan. The invoice stated that the packing charges were 18 sen per cubic foot. The local appraiser advisorily stated that the packing charges should be 23 sen per cubic foot. The collector liquidated the entry upon the invoice valuation of the merchandise, and upon the packing charge of 23 sen per cubic foot instead of 18 sen per cubic foot as stated in the invoice. The Board of General Appraisers (now the United States Customs Court) sustained the protest, an this court reversed the Board, holding that the collector had power to increase the cost shown in the invoice and that the legal presumption of correctness attaching to the collector's liquidation had not been overcome by the importer. In said case, as here, the issue was submitted to the Board upon the official record alone, no testi-

mony having been introduced by either side at the trial. This court said:

> * * * It may therefore be said that at the trial the claim of the protestant was rested upon the statement of the invoice alone, while the Government's case was rested upon the legal presumption of correctness which attaches to the collector's liquidation. We think it a settled rule in such cases that the presumption favoring the collector's liquidation should prevail, and accordingly that the protest should have been overruled.

It is true that in the decision of the Customs Court in the case of United States v. Richard & Co., supra (said Customs Court decision being reported in T.D. 41173, 48 Treas. Dec. 315), it was said:

> It is very evident from all these statutes, that, if the appraiser does anything with reference to charges, packing, and containers, it is to report the cost of such to the collector, as shown by the invoice; that he is powerless, except as expressed in section 503 to change such valuation. To ascertain the cost otherwise would be subversive of every statute, rule, and decision of the courts on this subject since the passage of the first tariff act by the United States. The latest tariff act of Congress did not change this rule.

In our decision in said case on appeal, no reference was made to this holding of the Customs Court, although our opinion does make reference to said decision of the Customs Court for a more comprehensive discussion of the question actually decided by this court than it was deemed necessary to give it.

In view of the above-cited cases of Robertson v. Frank Bros. Co. and United States v. Ocean Brokerage Co., we do not approve the holding of the Customs Court as hereinabove quoted, although its general conclusion was correct.

Of course it is well established that "charges" means the actual charge made to the purchaser of the merchandise. United States v. Richard & Co., supra.

The question remains whether or not, in determining the amount of the packing charges and other miscellaneous charges, the appraiser in the instant case included, as an element of the advances he made, items that were not proper to be considered under the provisions of section 402 (c) of the Tariff Act of 1930.

In reappraisement 99293–A, the appraiser's notations in which are hereinbefore quoted, it appears from the file papers that on February 13, 1931, after the report of the appraiser was made on February 7, 1931, the collector referred the appraisement back to the appraiser with the following note:

> Resp referred to the appraiser relative to just what charges he refers to as miscellaneous charges included in the 49 sen per cu. ft.

Attached to said note of the collector there is found, written in red ink, under date of February 26, 1931, the following:

> Addition was made to agree with CIE #883 dated Aug. 21/30.
> The miscellaneous charges are noted on margin of invoice. Note cross in red ink.

The reference to the invoice has a red "X" at the top of the left-hand margin, below which, evidently impressed with a rubber stamp, is the following:

NONDUTIABLE

Godown rent, storage, insurance, inspecting, superintending, and shipping.

We do not find that in any of the other reappraisement papers a similar inquiry was made by the collector, nor do we find said stamp upon the margin of the invoices in any of said other reappraisements.

It is so well settled as to need no citation of authority that this court may not reappraise merchandise, but may pass upon questions of law only involved in an appeal to this court. We think the question of whether said additional notations of the appraiser in reappraisement 99293–A were properly before the Customs Court, and the effect to be given to said notations, is a matter for the Customs Court to determine, and not for us upon this appeal. We are also of the opinion that it is not for us to here determine whether such notations in said reappraisement 99293–A, if proper to be considered in that reappraisement, may be held applicable to the other reappraisements here involved.

We do not deem that it is proper for us here to go further than to hold (1) that it does not appear from the record in this case that the local appraiser *appraised* the value of the packing charges and miscellaneous charges; (2) that the appraisers of merchandise and reappraisement tribunals have authority to determine the actual amount of such charges, irrespective of the amounts stated on the invoices; (3) that it was the duty of the trial court and the appellate division of the Customs Court to determine the amount of such charges if the record is sufficient for that purpose; and (4) that the appellate division erred in holding that the appeals to reappraisement should be dismissed for lack of jurisdiction.

We agree that the appellate division was correct in reversing the decision of the single judge dismissing the appeal as to the duress entry, reappraisement 101673–A, and we hold that the reappraisement of the merchandise involved in that reappraisement should proceed in all respects as in the other reappraisements here involved.

The judgment of the United States Customs Court, Appellate Division, is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views hereinbefore expressed.