(C. D. 636)

PIONEER IMPORT CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 20, 1942)

*James W. Bevans* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This case involves an importation of rayon staple fiber imported at the port of Charleston, S. C. In the original protest the plaintiff claims that the entry should be reliquidated "on the ground of clerical error in the entry of Rayon Staple Fibre at a higher value than the proper dutiable value under the law, as returned by the Appraiser." In an amendment to the protest it is alleged as follows:

The addition made to the invoice value should not have been considered as a voluntary addition under Section 487 to make a value considered by the importer to be the proper value of the merchandise and it cannot be considered as a duress

addition under Section 503 of the Tariff Act of 1930. There is no authority of law to make entry on other than the value stated in the invoice, except Sections 487 and 503. Therefore, such addition was void and the entry should have been liquidated on the appraised value.

The sections of the law cited in the amendment to the protest are as follows:

SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision or reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

\*       \*       \*       \*       \*       \*       \*

The only testimony produced in support of the claims of the plaintiff was that of the president of the plaintiff corporation. He testified that this importation was one of four of this type of merchandise which had been imported by the corporations at the port of Charleston.

The entry was made at 1.45 reichsmarks per kilo. On the entry papers we find a notation as follows:

The duty is paid on the total entered value under duress in order to obtain the release of the merchandise.

The price stated on the invoice is 1.20 reichsmarks per kilo with a notation at the foot of the invoice that:

The market value for this merchandise for home consumption in Germany is R.M. 1.45/kg.  \*  \*  \*

The witness testified that at the time the merchandise was exported the German government had established a price of 1.45 reichsmarks, below which the article could not be sold in the home market, and therefore there was no freely offered price in the home market within the meaning of section 402 (c) of the Tariff Act of 1930. He further testified that the appraiser at the port of entry considered that the home

market value was the correct value at which this commodity should be entered. He also stated that in order to avoid an advance in value and to get possession of his merchandise he entered at the higher value and made the notation on the entry above set forth. The merchandise was subsequently appraised at 1.20 reichsmarks per kg. c. i. f.

It is the contention of the importer that the entry at the value of 1.45 reichsmarks was the result of duress exercised by the collector of customs at Charleston. He further contends that the entry was not a lawful entry because there is no authority in the tariff act for such a value as that used on entry in that it is not the invoice value nor is it one of the values the use of which has been sanctioned by Congress in either section 487 or 503, *supra*.

Section 487 above quoted provides that under certain conditions therein set forth the importer may on entry raise or lower the value set forth in the invoice to what he considers the proper value by making additions to or deductions from such cost or value. Inasmuch as the importer in this case did not believe that the value at which he entered was the proper value, and made a notation to that effect on the entry, it is the position of the plaintiff that the entry was not made under authority of said section 487 and should not have been accepted by the collector.

Plaintiff further contends that the only other provision in the statute permitting entry on other than the cost or value stated in the invoice is found in section 503 of the act, which provides that an importer may certify at the time of making his entry that he has entered at a value higher than that defined in the statute because of advances made by the appraiser in similar cases then pending on appeal for reappraisement. It is urged that because there was no similar case pending, the only alternative open to the importer in this case was to permit the appraiser to advance the merchandise in value (which he testified he was informed would be done), which advance in value would subject said importer to assessment of additional duties, and, he alleges, to difficulties in obtaining possession of his goods.

In support of his position he cites the case of *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007. That case, which arose under the Tariff Act of 1897, involved the question of whether the addition of an item of commission made by the importer on entry was made under duress. The court there reviewed the earlier cases involving the question of what constituted duress and decided that as it appeared that under the customs regulations then in force the omission of this item of commission by the importer would be followed by its immediate inclusion by the appraiser, which would result not only in an increased valuation upon which duty would be assessed, but also a penalty in the way of additional duties for undervaluation, such a

situation made the entry an involuntary one and constituted legal duress.

It is to be noted that in the cited case, as here, the importer had a remedy by appeal to reappraisement in which action the question of the value of the merchandise could be litigated and a decision arrived at as to the proper dutiable value of the merchandise. However, at the time the *Stein* case was decided the importer had no remedy for obtaining a refund of additional duties assessable because of undervaluation except in cases of manifest clerical error, with which we are not here concerned. (Section 32 of the act of 1897, amending section 7 of the act of June 10, 1890.) In the case now before us the importer had an alternative of entering at the value he thought to be correct and appealing to reappraisement to have the question of the statutory value determined. He had the further remedy, by petition filed under authority of section 489 of the act of 1930, to apply for remission of any additional duties which might be assessed in case his goods were determined to be undervalued, in which proceeding it would be necessary for him to show only that the entry of his merchandise at less than the value found on final appraisement was without intent to defraud the revenues of the United States or to misrepresent the facts or to deceive the Government officials.

It is true that the witness testified that the appraising officer at Charleston "insisted that the entry be made at the home market value, rather than at the purchase price." However, there is no testimony to support the statement in the plaintiff's brief that "In order to avoid an advance in value and to get possession of the merchandise, he [the importer] entered upon the higher value." The record is lacking in proof that the importer could not have obtained possession of his merchandise in the event that he chose to enter at the value which he insisted was the proper value. Having chosen the easier course and entered at the higher value, which he did not believe to be the lawful value, rather than enter into litigation and thereby obtain a judicial ruling on the question of the proper value, he should not now be heard to complain that his own alleged unlawful act resulted in an illegal entry which should be set aside by this court. Such a ruling would result in assessment upon the basis of a value which the importer could have sought by means of the remedy provided in the statute. Inasmuch as such a remedy has been provided (sec. 501, act of 1930) it is the holding of the court that the importer should have proceeded in accordance therewith.

Upon the record presented we find no support for plaintiff's amended claim and it is therefore overruled. The claim of clerical error alleged in the original protest is also overruled for lack of proof.

Judgment will be rendered for the defendant.