(C. D. 653)

EURASIA IMPORT CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 22, 1942)

*James W. Bevans* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: The importer in these cases is protesting the payment of duties upon certain wool felt hats imported from Japan. The ground of his complaint is that the inclusion of an item of commission in each case, either at the time of entry or by amendment to the entry, was made under duress and that liquidation upon the entered value, which included this item of commission, is illegal in that the appraisement upon which such liquidation is based is illegal and void.

Three cases have been consolidated. Motions to amend the pleadings were filed and decision thereon reserved. The amendment is the same in each case and reads:

The inclusion of this commission in the entered value, either by amendment or at the time of entry, was under duress.

The original protests claimed that the liquidation was illegal. This is a proper procedure and one over which this court has jurisdiction. (Sec. 514, Tariff Act of 1930.) Therefore, a motion to amend such protest, when timely filed, is properly before the court, and the same is hereby granted.

The facts as they appear from the record are as follows. The invoice in each case contained an item described thereon as a buying commission. The various entries as originally made did not include

these items because the importer considered them buying commissions and nondutiable. The examiner considered these commissions to be selling commissions and a part of the dutiable value of the merchandise. The importer, in view of the position of the examiner that these were selling commissions and a dutiable item, amended his entries to include the item in each case. It is claimed in the amendment to the protests set forth above that the inclusion of this commission in the entered value was made under duress and therefore was not the voluntary act of the importer.

The provisions of the Tariff Act of 1930 are quoted below, insofar as applicable to this case.

SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

(b) ENTRIES PENDING REAPPRAISEMENT.—If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this Act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and if it shall appear that such action of the importer on entry was taken in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

(c) BASIS OF RATE.—For the purpose of determining the rate of duty to be assessed upon any merchandise when the rate is based upon or regulated in any manner by the value of the merchandise, the final appraised value shall (except as provided in section 562 of this Act) be taken to be the value of the merchandise.

The plaintiff's witness Parks, in describing the method adopted by the importer in making his amended entry, used entry 37937 in protest 51925–K as an illustrative example. He stated that when the entry was originally made the item appearing on the invoice as a buying commission, amounting to 181.11 yen, was included in the nondutiable charges and was deducted. On the amended entry this item, the witness stated, was added back. In its brief the Government states that the amount of the addition appearing on the amended entry fails to correspond with the amount listed as a buying commission and further states that there is no explanation of this discrepancy. The court has examined the invoice and entries in question and finds

that the statement of the witness is borne out by the figures appearing on the white sheet attached to the summary sheet. The court finds no discrepancy to exist.

The reason given at the trial for adding back the item of commission in each case was as follows:

At first I arranged to have entry made omitting the buying commission, and after a number of entries had been so made and when the examiner took the position that he will not allow it and that if I did not amend the entry he would return the invoices and add back the commission himself—and there were quite a number of entries that were still being held back awaiting these amendments— and knowing that the penalties would run up to a considerable amount of money, and also realizing that there was an alternative that we had without having such an outlay of money, I amended the entries, and thereafter I added the commission on the entry, knowing that that was the appraiser's position and that eventually I would have to amend the entry anyway and pay the customhouse broker for the service. So I kept on adding the commission thereafter, and relied on the alternative to get the commission back.

From this witness' testimony it further appears that subsequently the Government conducted an investigation as a result of which it was shown that this commission was a nondutiable item, and permission was given to the importer to amend all entries which had not at that time been appraised. The alleged duress arose because of fear on the part of the importer that the appraiser, as a result of the investigation, might consider this buying commission to be a dutiable item and add it back, thereby subjecting the importer to the imposition of additional duties for undervaluation under the provisions of section 489 of the Tariff Act of 1930.

The question for determination by this court is whether the action of the importer in adding back this item of commission under the conditions above set forth constituted duress as that term has been defined in the decisions.

It is contended by the plaintiff that the facts of this case bring it directly within the holding of the Court of Customs Appeals as set forth in the case of *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007. That case also involved the question of whether the addition by the importer on entry of an item of buying commission was made under duress. There, as here, the facts showed that the addition on entry of the commission was made because of the fear that if the importer did not add the item it would be added by the appraiser whereby penalties in the way of additional duties for undervaluation would be levied.

In that connection the language of this court in the recently decided case of *Pioneer Import Corp.* v. *United States*, 8 Cust. Ct. 346, C. D. 636, we think is applicable here. We quote the language of the court as follows:

It is to be noted that in the cited case [the *Stein* case, *supra*] as here, the importer had a remedy by appeal to reappraisement in which action the question of the

value of the merchandise could be litigated and a decision arrived at as to the proper dutiable value of the merchandise. However, at the time the *Stein* case was decided the importer had no remedy for obtaining a refund of additional· duties assessable because of undervaluation except in cases of manifest clerical error, with which we are not here concerned. (Section 32 of the act of 1897, amending section 7 of the act of June 10, 1890.) In the case now before us the importer had an alternative of entering at the value he thought to be correct and appealing to reappraisement to have the question of the statutory value determined. He had the further remedy by petition filed under authority of section 489 of the act of 1930, to apply for remission of any additional duties which might be assessed in case his goods were determined to be undervalued, in which proceeding it would be necessary for him to show only that the entry of his merchandise at less than the value found on final appraisement was without intent to defraud the revenues of the United States or to misrepresent the facts or to deceive the Government officials.

See also the case of *Jacksonville Paper Co.* v. *United States*, 8 Cust. Ct. 242, C. D. 615, where it was held by this division of the court:

\* \* \* An examination of the decisions of our appellate court demonstrates that duty must be assessed on not less than the entered value of imported merchandise unless the importer, in accordance with the provisions of section 503 (b), made an addition on entry to meet advances by the appraiser in similar cases pending on reappraisement, in which event the collector is authorized to assess duty on the final appraised value if it is lower than the entered value. \* \* \*

\* \* \* If the importer's representative believed that the invoice price was the proper dutiable value, he had the privilege of making a test case by entering the goods in entry J–307 at that value and filing an appeal for a reappraisement after the appraiser advanced the value on that entry. The values in the subsequent entries could have been advanced by him to meet the advance of the appraiser in that test case. \* \* \*.

We therefore find in the instant case that since the importer failed to adopt the remedy provided by the statute, the appraised value is valid and the collector acted in conformity with the law in assessing the duties as he did.

Plaintiff's claims are therefore overruled. Judgment will be rendered for the defendant.