(C. D. 693)

EURASIA IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 21, 1942)

*James W. Bevans* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue* and *Charles J. Miville,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: There was imported into the port of New York a quantity of slide fasteners on which duty was assessed at appropriate rates under the Tariff Act of 1930. Six cases were consolidated for trial. The case was originally before this court on a motion made by the Government to dismiss the suits on the ground that they were directed against the appraiser's action in finding value. This motion was denied and a decision handed down and reported as Abstract 45016. In that decision it was held that inasmuch as the pleadings were directed against a liquidation of the collector which was alleged to be illegal and void, the case was properly before the court and was a matter over which it had jurisdiction. A rehearing was granted in order that the case might be presented on the merits, in view of the fact that the record was lacking in proof of the facts alleged.

The plaintiff states the reasons for dissatisfaction in all of the cases, with one exception, as follows:

The reasons for objection, under the Tariff Act of 1930, are that your liquidation of this entry was based upon an appraisement which was, and still is, illegal and void in that the appraiser erroneously added to the appraised value the non-dutiable charges appearing on the invoices herein as "REGULATION FEE."

In certain of the pleadings, instead of regulation fee, the terms ASSOCIATION FEE, or CONTROL FEE, or COMMISSION AND ASSOCIATION FEE are used.

In protests Nos. 978147–G, 978148–G, and 978151–G these charges were noted by the appraiser on the invoices as dutiable. In the remaining cases, viz., protests 978147–G, 978149–G, and 978150–G the importer amended the entries to include the charges as dutiable items.

The Government contends that the collector properly included the items in dispute in the value in assessing duty upon the merchandise, because, it is alleged, they were included in the appraised value by the appraiser. It is further contended on the part of the Government that the only way in which this action can be attacked is by appeal to

reappraisement, and that as no appeal was taken to reappraisement, the finding of value made by the appraiser is presumably valid and cannot be reviewed by this court in a protest proceeding.

The evidence of two witnesses was produced on the part of the plaintiff. One of these witnesses testified as to the nature of the so-called control fees or association fees. From this testimony it appears that the slide fasteners were purchased through a commissionaire in Japan; that there existed in that country an association organized by various shippers of this merchandise, the object of the organization being an improvement of business conditions. Each member paid a fee in proportion to the amount of his business. Plaintiff alleges that these fees are dues paid to the association by the shippers who voluntarily formed the association, and as such are not a part of the dutiable value as defined in section 402 of the Tariff Act of 1930, which provides that the statutory value shall include

* * * all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The second witness produced on behalf of the plaintiff testified that when this merchandise was entered the Government official insisted that the entry be amended; that he refused to give delivery of the examination packages until the entry was amended by adding back the control fee or regulation fee which had not been included in the original entered value.

It is contended by the plaintiff that the additions were not voluntary additions such as are provided for in section 487 of the Tariff Act of 1930 and therefore the entries are not lawful entries; that said section 487 contemplates such additions as are made in order to enter merchandise at a value believed by the importer to be correct. This question has been before this court and has been passed upon in *Pioneer Import Corp.* v. *United States*, 8 Cust. Ct. 346, C. D. 636, and *Eurasia Import Co.* v. *United States*, 9 Cust. Ct. 24, C. D. 653. Those cases held that in a situation such as is presented here there is no evidence of legal duress; that the importer had a remedy by appeal to reappraisement in which appeal the proper dutiable value of the merchandise might be determined, and that it should not now be heard to complain that in making entry as it did it acted illegally and that an entry upon what it believed to be an improper value is a nullity. Under authority of the cases cited we overrule that claim as to protests 978146–G, 978149–G, and 978150–G, in which the entered values were amended to include the fees.

See also the discussion on this subject in the case of *Jacksonville Paper Co.* v. *United States*, 8 Cust. Ct. 242, C. D. 615.

The further question presented by the plaintiff is that the sole function of the appraiser in regard to the charges for these fees is to approve or disapprove the correctness of the amount of such charges

and indicate whether he considers them dutiable items. This action, it is alleged, is merely advisory. Plaintiff in its brief in referring to the charges appearing on the invoices, which included association or control fees, used the following language:

As to these charges, the Appellate Court held very clearly in *United States* v. *Richard & Co.*, 14 Ct. Cust. Appls. 120, that they were not to be appraised inasmuch as the statute specified that it was the cost and not the value of charges that should be added to the appraised value to make dutiable value.

Therefore, the sole function of the Appraiser was to approve or disapprove the correctness of the amount stated as to the actual cost of the various charges. He could also indicate which of such charges he thought were dutiable items, just as he reports to the Collector his opinion as to the rate of duty, that is, the advisory classification.

The notation by the Appraiser on the invoice that the charge is dutiable (which is generally done by marking the letter "D" in red ink after the charge, and the letters "N D" if such charge is believed to be not dutiable) does not affect in any way the appraised value of the merchandise made under the express provision of Section 500, that is, an appraisement of the merchandise in the unit of quantity in which it is usually bought and sold.

A careful reading of the decision cited discloses that the court did not there pass upon the question of whether the ascertainment of such costs and charges had been transferred from the collector to the appraiser, but the fundamental question there presented and decided was whether under the Tariff Act of 1922 the appraiser was required to appraise the *value* of the containers and coverings and other costs, charges, and expenses, which were to be added to the *per se* value of the merchandise, or to add the *cost* of such items to the *per se* value.

Plaintiff contends that the notations made by the appraiser on the invoice, indicating that the charge is dutiable or nondutiable, do not affect the appraised value of the merchandise; that is, an appraisement in the unit of quantity in which such merchandise is usually bought and sold. This interpretation of the statute, it claims, is in line with the express provision of section 500 of the Tariff Act of 1930, requiring that the appraiser "appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold." This interpretation overlooks the definitions of value found in section 402 of the same law, which, so far as pertinent here, provide that the foreign or export value shall be the price "at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country," etc., including the cost of all containers and "all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States."

The court's interpretation of the statute is that the appraiser shall determine the statutory unit value of the merchandise, which shall include all charges therein set forth, that is, he shall determine the

*per se* unit value and to that value add the cost of all charges and thus arrive at the *statutory* unit value of the merchandise.

Under the Tariff Act of 1913 it was the duty of the appraiser to find market value, whereas it was the duty of the collector to find dutiable value. *United States* v. *Spingarn Bros.*, 5 Ct. Cust. Appls. 2, T. D. 34002. That rule was modified in the act of 1922, section 503 of which provided that duty should be assessed upon the appraised value. That section was an order to the collector to carry out the new policy taking away from that official by sections 402 and 500 the ascertainment of dutiable costs and charges and placing such duty upon the appraiser. It was so held in the case of *Ciba Co. (Inc.)* v. *United States*, 14 Ct. Cust. Appls. 309, T. D. 41913.

We think the case of *L. Heller & Son (Inc.)* v. *United States*, 20 C. C. P. A. 257, T. D. 46058, settled the question which was not decided by the court in the *Richard* case, *supra*, viz, the functions of the appraiser and collector in regard to costs, charges, etc. That case involved the assessment of duty on certain imitation pearls, which under the statute (paragraph 1503 of the Tariff Act of 1930) were dutiable at ½ of 1 cent per inch and 60 per centum ad valorem if valued at more than ¼ of 1 cent and not more than 1 cent per inch. The appraiser did not include the cost of the container in the appraised value of the pearls but such cost was added by the collector. The court held that

* * *. The cost of the container not having been included in the appraisement, the collector had no right, under the last provision of section 503 above quoted, to consider such cost in determining the *rate* to be applied to the merchandise.

This decision was cited and followed by this court in *Bi-Continental Millinery Trading Co.* v. *United States*, 64 Treas. Dec. 292, T. D. 46649.

Under authority of those decisions we find that the collector should have accepted the final appraised value, no appeal having been filed to reappraisement. We therefore overrule plaintiff's claims.

Judgment will be rendered accordingly.